IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RENEE RUDNICK and DAVID RUDNICK   :          CIVIL ACTION
                               :
        v.                   :
                               :
THE GREAT ATLANTIC & PACIFIC      :
TEA COMPANY, INC. and YFP        :
OCEAN CITY, LLC                 :          NO. 14-4674

## ORDER-MEMORANDUM

**AND NOW**, this 2nd day of February, 2015, upon consideration of Defendants' Motion for Summary Judgment (Docket No. 14) and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Plaintiffs Renee and David Rudnick commenced this negligence action after Ms. Rudnick slipped and fell in the dairy aisle of a Super Fresh supermarket on July 4, 2012. Defendants have moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), on the grounds that there is insufficient evidence of negligence and/or that the evidence demonstrates that Ms. Rudnick assumed the risk of injury. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id. In ruling on a summary judgment motion, we consider "the facts and draw all reasonable inferences in the light most favorable to the plaintiff, the party who opposed summary judgment.'" Lamont v. New Jersey, 637 F.3d 177, 179 n.1 (3d Cir. 2011) (citing Scott v. Harris, 550 U.S. 372 (2007)).

In order to prevail on a negligence claim under Pennsylvania law, a plaintiff must establish "that the defendant[s] had a duty 'to conform to a certain standard of conduct;' that the defendant[s] breached that duty; that such breach caused the injury in question; and actual loss or damage." Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003) (quotation omitted).  The standard of care owed by a property owner to an entrant on the owner's land depends on the entrant's status.  Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983).  Here, the parties agree that Ms. Rudnick was an invitee.  Accordingly, Defendants are subject to liability for harm caused to Ms. Rudnick by a condition on the property if and only if they:  (1) knew or had reason to know that a condition on the land posed an unreasonable risk of harm to invitees such as Ms. Rudnick, (2) should have expected that visitors would not discover or realize the danger, or would fail to protect themselves against the danger, and (3) failed to exercise reasonable care to protect visitors from the danger.  Id. (citing Restatement (Second) of Torts § 343).

Defendants argue that there is insufficient evidence to support a jury verdict that they were negligent because there is insufficient evidence in the record that they knew or had reason to know of a condition that posed an unreasonable risk of harm to invitees.  Specifically, Defendants argue that there is no evidence establishing the origin of the water on the floor or the length of time that the water was on the floor, or that any of Defendants' employees were aware of water where Ms. Rudnick fell.  There is evidence, however, that Ms. Rudnick's pants were "soaking wet" after she fell, and that refrigeration units throughout the store were leaking water onto the floor, including the dairy aisle, on July 4, 2012.  (Johnson Dep. at 9, 12; Kopf Dep. at 50-51; R. Rudnick Dep. at 62, 66-68; D. Rudnick Dep. at 44.)  Furthermore, the record includes evidence that Kopf stated that a plumber had been attempting to fix the refrigeration problem for two to three days prior to Ms. Rudnick's fall.  (D. Rudnick Dep. at 46.)  Accordingly, although

2

there is no direct evidence that any of Defendants' employees were aware of the presence of water in the precise spot where Ms. Rudnick fell, there is ample evidence that there had been water on the floor near refrigeration units throughout the store for at least a few days. We therefore conclude that a reasonable jury could find that Defendants had reason to know of a condition that posed an unreasonable risk of harm to invitees. Accordingly, Plaintiffs have met their burden of presenting evidence that creates a genuine issue of material fact as to whether Defendants had notice of such a condition.

Defendants further argue that there is insufficient evidence to support a jury verdict that they were negligent because there is insufficient evidence in the record to establish causation. Specifically, Defendants argue that the jury would have to speculate as to the cause of Ms. Rudnick's injuries because: (1) there is no evidence that anyone saw Ms. Rudnick fall; and (2) Ms. Rudnick does not remember falling, cannot describe either where she was looking when she fell or the mechanics of the fall, and can only speculate that she slipped and fell on water. Although "the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture," Smith v. Bell Tel. Co., 153 A.2d 477, 479-80 (Pa. 1959), "it is . . . axiomatic that circumstantial evidence may provide appropriate and adequate proof of negligence and proximate cause." Harvilla v. Delcamp, 555 A.2d 763, 764 (Pa. 1989) (citation omitted). Here, there is evidence in the record that after Ms. Rudnick was pushing her cart down the dairy aisle, she suddenly found herself on the floor in a "pretty significant" pool of water, and her pants were "soaking wet." (R. Rudnick Dep. at 53-55, 62.) There is also evidence that after her fall, Ms. Rudnick noticed a puddle of clear liquid leaking out of the refrigeration case near where she fell and extending the length of the aisle. (Id. at 66-68.) Furthermore, there is no evidence that Ms. Rudnick's ability to walk was impaired prior to the fall, or that there was any other tripping

hazard in the dairy aisle.  We therefore conclude that a reasonable jury could find, based on this circumstantial evidence, that Ms. Rudnick was injured as a result of her slipping and falling on water.  Accordingly, Plaintiffs have met their burden of presenting evidence that creates a genuine issue of material fact as to the cause of Ms. Rudnick's fall and resulting injuries.

Defendants also argue that they are not liable to Plaintiffs because Ms. Rudnick assumed the risk of her injuries by failing to observe an open and obvious condition, namely, the water on the floor.  See Carrender, 469 A.2d at 123 (stating that a property owner is not liable for harm caused to its invitees "'by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness'" (quoting Restatement (Second) of Torts § 343A)).  They argue that Ms. Rudnick should have known about the water on the floor in the dairy aisle because her mother, who was with her at the supermarket on the day of the fall, stated that:  (1) there were rivers of water on the floor in the produce department; and (2) she saw a Super Fresh employee mopping the floor in one of the aisles near the produce section.  However, Ms. Rudnick's mother's observation of water on the floor in the produce department does not establish that a reasonable person in Ms. Rudnick's position would have been aware of water on the floor in the dairy aisle.  See id. at 123-24 (stating that a danger is "'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor'" (quoting Restatement (Second) of Torts § 343A cmt. b)).  Furthermore, Ms. Rudnick stated that she did not see any water on the store's floor prior to her fall.  (R. Rudnick Dep. at 59.)  Moreover, there were no warning signs in the dairy aisle, and there is no evidence that anyone was mopping the dairy aisle.  (Kopf Dep. at 56; R. Rudnick Dep. at 60.)  We therefore conclude that a reasonable jury, viewing the evidence in the light most favorable to Plaintiffs, could conclude that Ms.

4

Rudnick did not assume the risk of her injuries by failing to avoid an open and obvious condition.  See Mascharka v. Leola Family Rest., Inc., Civ. A. No. 03-4051, 2004 WL 2980410, at *3 (E.D. Pa. Dec. 23, 2004) ("Unless reasonable minds could not differ as to whether a condition or defect was obvious, the question is one for a jury or factfinder to decide." (citing Carrender, 469 A.2d at 124)).  Accordingly, we deny Defendants' Motion in its entirety because a reasonable jury could find that Defendants had reason to know of a condition that posed an unreasonable risk of harm to invitees, Ms. Rudnick was injured as a result of her slipping and falling on water, and Ms. Rudnick did not assume the risk of her injuries by failing to avoid an open and obvious condition.

BY THE COURT

/s/ John R. Padova
John R. Padova, J.